UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE


Robert Labrecque

     v.                                    Civil No. 14-cv-503-JD
                                           Opinion No. 2015 DNH 120
Warden, Northern New Hampshire
Correctional Facility


                              O R D E R


     Robert Labrecque, proceeding pro se, filed a petition

seeking a writ of habeas corpus under 28 U.S.C. § 2254.  The

warden moved to dismiss the petition on the ground that it was

untimely pursuant to § 2244(d)(1).  In response, Labrecque

agrees that he did not file the petition within the time allowed

but argues that his petition must be considered under the actual

innocence exception to § 2244(d).  The court directed the warden

to file a response to Labrecque's assertion of the actual

innocence exception, and the warden has done so.


                             Background

     Labrecque was found guilty of aggravated felonious sexual

assault, incest, and endangering the welfare of a child on

November 5, 2009, and he was sentenced on March 10, 2010.  The

charges arose from an incident on August 27, 2007, when

Labrecque played a drinking game with his sixteen-year-old

daughter.  During the game, both Labrecque and his daughter

removed pieces of clothing until they were both naked. After his daughter had vomited twice and was so impaired by the effects of alcohol that she was unable to sit up, Labrecque sexually assaulted her.[1]

The daughter did not immediately report the assault because she was worried about the effect that would have on her family. In March of 2008, she told the principal at her school what had happened. The daughter talked to the police soon after her report to the principal. Labrecque voluntarily attended interviews at the Manchester Police Department on March 31, 2008, and April 1, 2008, which were recorded. Labrecque was not under arrest and was free to leave the interviews at any time.

During the April 1 interview, he admitted all of the charged conduct, including that his daughter was intoxicated and that he engaged in oral sex and other sexual activity with his daughter, except that he denied having performed actual sexual intercourse. He contended that the sexual activity was consensual.

In support of his petition under § 2254, Labrecque raises claims of ineffective assistance of counsel. Specifically, he contends that his trial counsel was ineffective because he

---

[1] The warden provided recordings and transcripts of the police interviews with Labrecque when he admitted having engaged in sexual activity with his daughter, while she was intoxicated, on August 27, 2007.

failed to call witnesses in Labrecque's defense, he did not confront the victim with her prior inconsistent statements, he failed to cross examine the prosecution's witnesses, he did not prepare for trial and lacked a trial strategy, and he did not have a psychiatric evaluation done.

## Discussion

The warden moves to dismiss Labrecque's petition on the ground that it is barred by the statute of limitations, § 2244(d)(1). As is noted above, Labrecque does not dispute that his petition was filed beyond the limitation period but asserts that he is entitled to proceed under the exception for petitioners who can show that they are actually innocent of the crimes of conviction. The warden disputes Labrecque's reliance on the actual innocence exception.

A.  Exhaustion

As a preliminary matter, the warden misunderstands Labrecque's assertion of actual innocence. The warden argues that because Labrecque did not exhaust a claim of actual innocence in the state courts, he has waived that claim for purposes of this case. Contrary to the warden's arguments, Labrecque is not raising a free standing claim of actual innocence as a constitutional basis for habeas relief, which would implicate the exhaustion requirement. Indeed, such a

claim would not support relief under § 2254 in a noncapital case.  See Herrera v. Collins, 506 U.S. 390, 400 (1993).

Instead, Labrecque raises actual innocence under the fundamental miscarriage of justice exception to the limitation period established by § 2244(d).  See McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013) ("[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations.")  Therefore, the issue of actual innocence is raised to provide an exception to the time bar and is not a claim that is subject to the exhaustion requirement of § 2254(b).  See, e.g., Smith v. Mirandy, 2015 WL 1395781, at *4 (S.D. W. Va. Mar. 25, 2015); Riva v. Ficco, 2014 WL 4165364, at *19-*21 (D. Mass. Aug. 21, 2014).

B.  Actual Innocence Exception

The actual innocence exception will apply only in extraordinary cases "where a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 496 (1986).  To succeed in overcoming the statute of limitations, the petitioner must present new evidence of his actual innocence, and "must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Schlup

4

v. Delo, 513 U.S. 298, 327 (1995).  In addition, the "'court may consider how the timing of the submission and the likely credibility of [a petitioner's] affiants bear on the probable reliability of . . . evidence [of actual innocence].'" McQuiggin, 133 S. Ct. at 1935 (quoting Schlup, 513 U.S. at 332).

Labrecque filed forty pages of documents and eight photographs in support of his response to the warden's motion to dismiss.  Labrecque's response does not make clear which documents were intended to support his assertion of actual innocence and which pertain to his claims of ineffective assistance of counsel.  The documents submitted are: signed statements of Debra Lebrecque (Robert Labrecque's sister), Rita M. Labrecque (his mother), Raymond L. Labrecque (his brother), Felicia Herbert (a daughter - not the victim); a copy of the transcript of a hearing on the state's motion to amend the information with handwritten notes and highlighting; a copy of an "Incident/Investigation Report" dated April 2, 2008; a copy of parts of the transcript of Cecelia Labrecque's testimony with notes and highlighting; copies of emails to and from Labrecque's trial counsel; a copy of part of a transcript with "Argument" at the top; a copy of part of the transcript of the prosecutor's opening statement at the jury trial; a copy of part of the transcript of Kody Ingles's trial testimony; a copy of an "Incident/Investigation Report," dated April 2, 2008; a copy of

5

an "Incident/Investigation Report" dated May 2, 2008; a copy of "Case Summary" in State v. Robert Labrecque; copies of "Assessment Referral Information" from the New Hampshire Division for Children, Youth and Families dated November 3 and 15, 2010, with attached summaries of contacts related to Cecilia Labrecque's report of sexual abuse by her father, Robert Labrecque. The photographs show unidentified people and a room next to a staircase.

   The court has reviewed the documents Labrecque submitted and the record submitted by the warden. The four signed statements show that family members represented, more than six years after the date of the assault, that they did not see or hear anything to indicate the assault had occurred and that they do not believe the daughter's story. Without explanation, the photographs lack any probative value. The other documents Labrecque submitted do not appear to relate to his claims of actual innocence.

   Labrecque confessed that the incident occurred, that he drank with his daughter until she became intoxicated, and that he engaged in all of the sexual activity that his daughter reported, except that he denied having had sexual intercourse with her. Although Labrecque now argues that his confession was coerced, neither the transcript of the police interviews nor the circumstances surrounding the interviews supports his newly-

formed challenge.  He provides no new evidence to show coercion. The jury found him guilty on all charges.

The jury heard Labrecque's confession, along with this daughter's testimony and other evidence, and found Labrecque guilty on all charges.  Given Labrecque's confession and the other evidence of his guilt, the statements provided by his relatives and the documents and photographs he submitted with his response to the motion to dismiss do not show that, more likely than not, no reasonable juror would have convicted Labrecque.  To the contrary, the evidence strongly supports his conviction.

Under these circumstances, Labrecque has not made the necessary showing by new evidence that he is actually innocent of the crimes of which he was convicted.  Because Labrecque has not established that the actual innocence exception applies or that the limitation period was tolled for any reason, his petition is dismissed as untimely.  Schlup, 513 U.S. at 316.

## Conclusion

For the foregoing reasons, the respondent's motion to dismiss (document no. 6) is granted, and the petition is dismissed as untimely filed.

The court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2).

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Joseph DiClerico, Jr.
United States District Judge

June 15, 2015

cc:   Robert Labrecque, pro se
      Elizabeth C. Woodcock, Esq.